# Exhibit A



<div align="right">
**MC4 / ALL**
**Transmittal Number: 21398720**
**Date Processed: 04/13/2020**
</div>

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jamie Curry<br>Brookdale Senior Living<br>111 Westwood Pl<br>Ste 400<br>Brentwood, TN 37027-5057 |
| **Electronic copy provided to:** | Laurel Johnston<br>Jennifer Fitzpatrick<br>Timothy Cesar<br>Marti Downey<br>Bahar Azhdari<br>Michael Mueller |

| | |
|---|---|
| **Entity:** | Brookdale Employee Services, LLC<br>Entity ID Number  3623974 |
| **Entity Served:** | Brookdale Employee Services, LLC |
| **Title of Action:** | Margoth Siguenza vs. Brookdale Employee Services, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 20STCV13898 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 04/10/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Kaveh S. Elihu<br>213-382-2222 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

ctronically FILED by Superior Court of California, County of Los Angeles on 04/09/2020 03:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:20-cv-04204-AB-PJW   Document 1-2   Filed 05/08/20   Page 3 of 65   Page ID #:23

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BROOKDALE EMPLOYEE SERVICES, LLC, a Delaware limited liability
company; PHILIPPE DIDIER, an individual; and DOES 1 through 20,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARGOTH SIGUENZA, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. You written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012

**CASE NUMBER:**
*(Número del Caso):*

**20STCV13898**

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kaveh S. Elihu, Esq. (SBN 268249)
EMPLOYEE JUSTICE LEGAL GROUP
3055 Wilshire Boulevard, Suite 1100, Los Angeles, California 90010
Telephone: (213) 382-2222, Facsimile: (213) 382-2230

Sherri R. Carter Executive Officer / Clerk of Court

DATE:
*(Fecha)* 04/09/2020

Clerk, by
*(Secretario)* R. Clifton , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒☒ on behalf of *(specify)*: BROOKDALE EMPLOYEE SERVICES, LLC, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒☒ other *(specify)*: **Limited Liability Company**
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

20STCV13898
Case 2:20-cv-04204-AB-PJW   Document 1-2   Filed 05/08/20   Page 4 of 65   Page ID #:24
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Draper

Kaveh S. Elihu, Esq. (SBN 268249)
**EMPLOYEE JUSTICE LEGAL GROUP**
3055 Wilshire Boulevard, Suite 1100
Los Angeles, California 90010
Telephone: (213) 382-2222
Facsimile: (213) 382-2230

Attorneys for Plaintiff,
MARGOTH SIGUENZA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA,

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| MARGOTH SIGUENZA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKDALE EMPLOYEE SERVICES, LLC, a Delaware limited liability company; PHILIPPE DIDIER, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 20STCV13898<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>2. **HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>3. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>4. **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**<br>5. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>6. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**<br>7. **RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET. SEQ.;**<br>8. **FOR DECLARATORY JUDGMENT;**<br>9. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>10. **DENIAL OF AND DISCRIMINATION BASED UPON THE USE OF SICK LEAVE (LABOR CODE §§ 233, 234, AND 246.5;**<br>11. **RETALIATION (LABOR CODE §98.6);**<br>12. **RETALIATION FOR DISCLOSING** |

VIOLATIONS OF LAW (LABOR
CODE §§ 1102.5, 1102.6);
13. **DEFAMATION;**
14. **FAILURE TO PAY WAGES (CAL.
LABOR CODE §§201, 1182.12, 1194,
1194.2);**
15. **FAILURE TO PROVIDE MEAL AND
REST PERIODS (LAB. CODE §§226.7,
512);**
16. **FAILURE TO PROVIDE
ITEMIZEDWAGE STATEMENTS
(CAL. LABOR CODE §§226 ET SEQ.);**
17. **WAITING TIME PENALTIES (CAL.
LABOR CODE §§201-203);**
18. **PRIVATE ATTORNEY GENERAL
ACT; AND**
19. **UNFAIR COMPETITION (CAL. BUS.
& PROF. CODE §17200 ET SEQ.).**

**[DEMAND FOR JURY TRIAL]**

    **COMES NOW PLAINTIFF, MARGOTH SIGUENZA**, and for causes of action against
Defendants and each of them, alleges as follows:

<div align="center">

**JURISDICTION**

</div>

    1.    This Court is the proper court, and this action is properly filed in Los Angeles County,
because Defendants' obligations and liability arise therein, because Defendants maintain offices and
transact business within Los Angeles County, and because the work that is the subject of this action was
performed by Plaintiff in Los Angeles County.

<div align="center">

**THE PARTIES**

</div>

    2.    Plaintiff MARGOTH SIGUENZA (hereinafter referred to as "Plaintiff") at all times
relevant to this action, resided in the County of Los Angeles, California.

    3.    Plaintiff is informed and believes, and based thereupon alleges, that Defendant
BROOKDALE EMPLOYEE SERVICES, LLC (hereinafter referred to as "BROOKDALE") was and is
a Delaware limited liability company. Plaintiff is informed and believes BROOKDALE operates senior
living and retirement communities in the United States.

<div align="center">

-2-

COMPLAINT FOR DAMAGES

</div>

1         4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

2  hereto, Defendant PHILIPPE DIDIER (hereinafter referred to as "DIDIER") was an individual residing

3  in the County of Los Angeles, State of California, and was a supervisor or managerial employee of

4  BROOKDALE.

5         5.     At all times herein, Defendant BROOKDALE was Plaintiff's employer within the

6  meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and

7  (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the

8  jurisdiction of this Court.

9         6.     At all times herein, Defendant BROOKDALE was Plaintiff's employer within the

10  meaning of the Labor Code and Industrial Welfare Commission Order No. 5-2001.

11        7.     The true names and capacities, whether individual, corporate, associate, or otherwise, of

12  the Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time and

13  therefore said Defendants are sued by such fictitious names.  Plaintiff will seek leave to amend this

14  Complaint to insert the true names and capacities of said Defendants when the same become known to

15  Plaintiff. Plaintiff is informed and believes, and based thereupon allege, that each of the fictitiously-

16  named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff

17  as alleged hereinafter.

18         8.     BROOKDALE, DIDIER, and DOES 1 through 20 are referred to collectively as the

19  "Defendants."

20         9.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant

21  hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors,

22  coconspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other

23  Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within

24  the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or

25  joint venture and with the permission and consent of each of the other Defendants.

26        10.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each

27  of them, including those Defendants named as DOES 1 through 20, acted in concert with one another to

28  commit the wrongful acts alleged herein, and aided, abetted, incited, compelled, and/or coerced one

1  another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to

2  Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges,

3  that Defendants, and each of them, formed and executed a conspiracy or common plan pursuant to

4  which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part

5  of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

6        11.    Whenever and wherever reference is made in this Complaint to any act or failure to act

7  by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

8  and/or failures to act by each Defendant acting individually, jointly and severally.

9        12.    On January 30, 2020, Plaintiff filed a complaint under Government Code §§12940, et

10  seq., the California Fair Employment and Housing Act (hereinafter referred to as the "FEHA") with the

11  California Department of Fair Employment and Housing (hereinafter referred to as the "DFEH"), and

12  has satisfied her administrative prerequisites with respect to these and all related filings. As a result, on

13  January 30, 2020, Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

14        12.    Plaintiff subsequently amended her DFEH complaint on April 9, 2020, and received an amended version

15  of her Right-to-Sue letter. As stated in the amended Right-to-Sue letters, the amended DFEH complaint

16  are deemed to have the same filing date as the original DFEH complaint per California Code of

17  Regulations. Tit. 2, § 10022.

18  

19                               **ALTER EGO, AGENCY AND JOINT EMPLOYER**

20        13.    Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

21  of interest and ownership between Defendants and DOES 1 through 20 that the individuality and

22  separateness of Defendants have ceased to exist.

23        14.    Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

24  purported corporate existence, Defendants and DOES 1 through 20 are, in reality, one and the same,

25  including, but not limited to because:

26            a.    Defendants are completely dominated and controlled by each other Defendant

27  and DOES 1 through 20, who personally committed the frauds and violated the laws as set forth in

28  

COMPLAINT FOR DAMAGES

1   this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds,

2   circumvent statutes, or accomplish some other wrongful or inequitable purpose.

3       b.      DOES 1 through 20 and each other Defendant derive actual and significant

4   monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the

5   funding source for their own personal expenditures.

6       c.      Plaintiff is informed and believes, and based thereon alleges Defendants and

7   DOES 1 through 20, while really one and the same, were segregated to appear as though separate and

8   distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other

9   wrongful or inequitable purpose.

10      d.      Plaintiff is informed and believes, and based thereon alleges, that Defendants

11  and DOES 1 through 20 do not comply with all requisite corporate formalities to maintain a legal and

12  separate corporate existence.

13      e.      Plaintiff is informed and believes, and based thereon alleges, that the business

14  affairs of Defendants and DOES 1 through 20 are, and at all times relevant were, so mixed and

15  intermingled that the same cannot reasonably be segregated, and the same are in inextricable

16  confusion. Defendants are, and at all times relevant hereto was, used by DOES 1 through 20 as a mere

17  shell and conduit for the conduct of certain of Defendants' affairs, and is, and was, the alter ego of

18  DOES 1 through 20. The recognition of the separate existence of Defendants and DOES 1 through 20

19  from one another would not promote justice, in that it would permit Defendants to insulate themselves

20  from liability to Plaintiff for violations of the Government Code, Labor Code, and other statutory

21  violations.  The corporate existence of Defendants and DOES 1 through 20 should be disregarded in

22  equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to

23  Plaintiff herein.

24      15.     Accordingly, Defendants and DOES 1 through 20 constitute the alter egos of one another,

25  and the fiction of their separate corporate existence must be disregarded.

26      16.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based

27  thereon alleges that Defendants and DOES 1 through 20 are Plaintiff's joint employers by virtue of a

28  joint enterprise, and that Plaintiff was an employee of Defendants and DOES 1 through 20. Plaintiff

COMPLAINT FOR DAMAGES

1   performed services for each and every one of Defendants, and to the mutual benefit of all Defendants,

2   and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the

3   manner in which Defendants' business was and is conducted.

4

5                                    **FACTUAL ALLEGATIONS**

6          17.     On or about November 2003, Plaintiff was hired by Defendants as a full-time non-exempt

7   cook.

8          18.     Plaintiff was a loyal and devoted employee of Defendants and her work performance has

9   been satisfactory and at times above-average.  Plaintiff fulfilled, and substantially performed, all of her

10  job duties and all the terms and conditions of employment.

11         19.     From on or about April 9, 2016 through on or about February 11, 2019, Plaintiff worked

12  six days a week, Monday through Saturday, 6:30 a.m. through 2:00 p.m.-4:30 p.m.

13         20.     From on or about April 9, 2016 through on or about March 11, 2017, Plaintiff was paid at

14  a rate of $16.32 per hour.

15         21.     From on or about March 12, 2017 through on or about March 10, 2018, Plaintiff was paid

16  at a rate of $16.65 per hour.

17         22.     From on or about March 11, 2018 through on or about February 11, 2019, Plaintiff was

18  paid at a rate of $16.98 per hour.

19         23.     From on or about April 9, 2016 through on or about February 11, 2019, Plaintiff was not

20  permitted to take her statutory 30-minute meal periods for days on which Plaintiff worked at least 5

21  hours.

22         24.     On or about April 2015, Plaintiff injured her back and informed her supervisor of her

23  injury. Plaintiff's medical provider placed her off work for approximately ten days thereafter.

24         25.     On or about September 2016, Plaintiff injured her left shoulder and informed her

25  supervisor of her injury. Plaintiff was placed on work restrictions for ten days thereafter. Plaintiff's work

26  restrictions were not accommodated and she reported to BROOKDALE's Human Resources department

27  to no avail.

28

-6-

26. On or about September 2017, Plaintiff sprained her spine and right shoulder. Despite her medical provider placing her on work restrictions, BROOKDALE did not accommodate her once again.

27. On or about Spring 2018, Plaintiff began suffering from pain in her knee and began receiving medical treatment for her disability.

28. On or about December 19, 2018, Plaintiff made a written complaint about having to work through her meal breaks and her supervisor DIDIER management.

29. On or about February 10, 2019, Plaintiff informed DIDIER that she intended to take time-off the following month in order to seek treatment and recuperate from her injuries. As a result of Plaintiff's prior to complaints of DIDIER and her requests for accommodations, DIDIER became verbally aggressive toward Plaintiff by yelling at her and instructing her cancel her upcoming medical appointments.

30. Later that day, DIDIER forcefully escorted Plaintiff to the Human Resources department where he falsely accused her of being drunk at work in order to cause her termination.

31. On or about February 11, 2019, Plaintiff was constructively terminated/forced to quit her job because she no longer felt comfortable working for Defendants as a result of the harassment, lack of accommodations and her need to receive treatment for her injuries. At no time since the separation of her employment has Plaintiff been paid all outstanding wages owing her.

32. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants and their officers and/or managing agents, including those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

33. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety,

1  depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for
2  psychological counseling and treatment, and past and future lost wages and benefits.

3      34.    As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses,
4  commissions, and benefits.

5      35.    Plaintiff claims general damages for emotional and mental distress and aggravation in a
6  sum in excess of the jurisdictional minimum of this Court.

7      36.    Because the acts taken toward Plaintiff were carried out by managerial employees acting
8  in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights
9  and in order to injure and damage them, Plaintiff requests that punitive damages be levied against
10  Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

11

12  **FIRST CAUSE OF ACTION**
13  **BY PLAINTIFF**
14  **FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**
15  **AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE**

16      37.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as
17  though fully set forth herein.

18      38.    At all times hereto, the FEHA was in full force and effect and was binding upon
19  Defendants and each of them.

20      39.    FEHA requires Defendants to refrain from discriminating against an employee on the
21  basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition,
22  medical leave and to prevent discrimination on the basis of the aforementioned protected classes from
23  occurring.

24      40.    Plaintiff was a member of a protected class as a person with a disability, medical
25  condition and who used medical leave.

26      41.    At all times relevant hereto, Plaintiff was performing competently in the position she held
27  with Defendants.

28

-8-

COMPLAINT FOR DAMAGES

42.     Plaintiff suffered the adverse employment actions of discrimination, harassment retaliation, denied transfer, denied medical leave, denied reasonable accommodation for a disability, denied a work environment free of discrimination and/or retaliation, forced to quit, constructively terminated and was harmed thereby.

43.     Plaintiff is informed and believes that her disabilities and/or perceived disabilities, engagement in protected activities, medical condition and medical leave  were a substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

44.     Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

45.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

46.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

47.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION
## BY PLAINTIFF
## FOR HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

48.     Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

-9-

49.     At all times hereto, the FEHA was in full force and effect and was binding upon defendants and each of them.

50.     As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

51.     These laws set forth in the preceding paragraph require defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon her disabilities and/or perceived disabilities, engagement in protected activities, medical condition and medical leave, as set forth hereinabove, which includes an obligation to protect its employees from third party harassment to which the employee is subjected at work.

52.     Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

53.     Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of her disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical leave and/or some combination of these protected characteristics, as set forth hereinabove.

54.     The above said acts were perpetrated upon Plaintiff by a supervisor, and/or defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

55.     The above said acts of defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause in Plaintiff's damage as stated below.

56.     The damage allegations above, inclusive, are herein incorporated by reference.

57.     The foregoing conduct of defendants individually, or by and through their managing agents, was intended by the defendants to cause injury to the Plaintiff or was despicable conduct carried on by the defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or

-10-

coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of defendants.

58.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION
## BY PLAINTIFF
## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

59.     Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

60.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

61.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

62.     Plaintiff engaged in the protected activities of reporting her disabilities, requesting accommodations, complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon her disabilities.

63.     Plaintiff suffered the adverse employment actions of discrimination, harassment retaliation, denied transfer, denied medical leave, denied reasonable accommodation for a disability, denied a work environment free of discrimination and/or retaliation, forced to quit, constructively terminated and was harmed thereby.

64.     Plaintiff is informed and believes that her engagement in the aforementioned protected activities were substantial motivating reasons and/or factors in the decisions to subject her to the aforementioned adverse employment actions.

65.     Defendants violated the FEHA by retaliating against Plaintiff and terminating her employment for attempting to exercise her protected rights, as set forth hereinabove.

COMPLAINT FOR DAMAGES

66.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other managers.

67.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

68.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

69.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

70.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

## BY PLAINTIFF

## FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION

## IN VIOLATION OF GOV'T CODE §12940(k)

## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

71.     Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

72.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring. As alleged above, Defendants violated this subsection and breached their duty by

-12-

1  failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from

2  occurring.

3      73.    The above said acts of Defendants constitute violations of the FEHA, and were a

4  proximate cause in Plaintiff's damages as stated below.

5      74.    The damage allegations of the Paragraphs above, inclusive, are herein incorporated by

6  reference.

7      75.    The foregoing conduct of Defendants individually, or by and through their managing

8  agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by

9  Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel

10  and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats,

11  intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to

12  constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive

13  damages in an amount appropriate to punish or make an example of Defendants.

14      76.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

15  attorneys' fees and costs, including expert fees pursuant to the FEHA.

16

17  **FIFTH CAUSE OF ACTION**

18  **BY PLAINTIFF**

19  **FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

20  **IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

21  **AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE**

22      77.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as

23  though fully set forth herein.

24      78.    At all times hereto, the FEHA, including in particular Government Code §12940(m), was

25  in full force and effect and was binding upon Defendants.  This subsection imposes a duty on

26  Defendants to make reasonable accommodation for the known disability of an employee.

27

28

COMPLAINT FOR DAMAGES

79.   At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because she had disabilities that affected her major life activities, of which Defendants had both actual and constructive knowledge.

80.   At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which she was employed, or could have performed the duties and functions of those positions with reasonable accommodations.  At no time would the performance of the functions of the employment positions, with reasonable accommodations for Plaintiff's disabilities or her disabilities as they were perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety.  Accommodation of Plaintiff's disabilities or disabilities as they were perceived by Defendants would not have imposed an undue hardship on Defendants.  Defendants failed and refused to accommodate Plaintiff and failed to engage in the interactive process with Plaintiff.

81.   The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

82.   The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

83.   The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

84.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SIXTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE**

85.     Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

86.     At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known disability or known medical condition.

87.     At all relevant times, Plaintiff was a member of a protected class within the meaning of particular Government Code §§12940(a) & 12986(1) et seq. because she had disabilities that affected her major life activities, of which Defendant had both actual and constructive knowledge.

88.     Plaintiff reported her disabilities to Defendants, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so.

89.     The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

90.     The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

91.     The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to

COMPLAINT FOR DAMAGES

1 | constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive

2 | damages in an amount appropriate to punish or make an example of Defendants.

3 |      92.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

4 | attorneys' fees and costs, including expert fees pursuant to the FEHA.

5 |

6 | <div align="center">**SEVENTH CAUSE OF ACTION**</div>

7 | <div align="center">**BY PLAINTIFF**</div>

8 | <div align="center">**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12945.2 ET SEQ.**</div>

9 | <div align="center">**AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE**</div>

10 |      93.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as

11 | though fully set forth herein.

12 |      94.    At all times hereto, the California Family Rights Act, codified by Government Code

13 | §§12945.2, et al. (the "CFRA") was in full force and effect and was binding upon Defendants and each

14 | of them.

15 |      95.    At all times hereto, Plaintiff was an employee eligible for CFRA leave.  At all times

16 | hereto, Plaintiff had been employed by Defendants for more than 12 months, and had worked at least

17 | 1250 hours during the previous 12 months.  Further, Defendants employed at least 50 employees within

18 | 75 miles of the worksite at which Plaintiff worked.

19 |      96.    CFRA requires Defendants to refrain from retaliating against an employee for engaging

20 | in protected activity.

21 |      97.    Plaintiff engaged in the protected activity of exercising her right to medical leave.

22 |      98.    Plaintiff suffered the adverse employment actions of discrimination, harassment

23 | retaliation, denied transfer, denied medical leave, denied reasonable accommodation for a disability,

24 | denied a work environment free of discrimination and/or retaliation, forced to quit, constructively

25 | terminated and was harmed thereby.

26 |      99.    Plaintiff is informed and believes that exercising her right to medical leave was a

27 | substantial motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned

28 | adverse employment actions.

100.   Defendants violated the CFRA by retaliating against Plaintiff for attempting to exercise her protected rights, as set forth hereinabove.

101.   Plaintiff is informed and believes, and based thereon alleges, that the above act of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

102.   The above said acts of Defendants constitute violations of the CFRA, and were a proximate cause in Plaintiff's damage as stated below.

103.   The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

104.   The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

105.   Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## EIGHTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR DECLARATORY JUDGMENT

## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

106.   Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

107.   Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on

-17-

account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

108.    Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

109.    Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

110.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate or retaliate against Plaintiff; that Plaintiff was not terminated as a result of her disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical leave, and/or some combination of these protected characteristics.  Plaintiff contends that Defendants did discriminate and retaliate against her on the basis of her disabilities and/or perceived disabilities,

-18-

COMPLAINT FOR DAMAGES

1  engagement in protected activities, medical condition, medical leave and/or some combination of these

2  protected characteristics; and that she was ultimately wrongfully terminated and denied reinstatement as

3  a result of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges,

4  that Defendants shall dispute Plaintiff's contentions.

5      111.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of

6  her rights and duties, and a declaration that Defendants discriminated against her on the basis of her

7  perceived disabilities and/or disabilities, engagement in protected activities, medical condition, medical

8  leave, and/or some combination of these protected characteristics.

9      112.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of her

10  rights and duties, and a declaration that her disabilities and/or perceived disabilities, engagement in

11  protected activities, medical condition, medical leave, and/or some combination of these protected

12  characteristics was a substantial motivating factor in the decisions to subject her to the aforementioned

13  adverse employment actions.

14      113.    A judicial declaration is necessary and appropriate at this time under the circumstances in

15  order that Plaintiff, for herself and on behalf of employees in the State of California and in conformity

16  with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to

17  condemn such discriminatory employment policies or practices prospectively.  *Harris v. City of Santa*

18  *Monica* (2013) 56 Cal.4th 203.

19      114.    A judicial declaration is necessary and appropriate at this time such that Defendants may

20  also be aware of their obligations under the law to not engage in discriminatory practices and to not

21  violate the law in the future.

22      115.    Government Code §12965(b) provides that an aggrieved party, such as Plaintiff herein,

23  may be awarded reasonable attorney's fees and costs: "In civil actions brought under this section, the

24  court, in its discretion, may award to the prevailing party, including the department, reasonable

25  attorney's fees and costs, including expert witness fees."  Such fees and costs expended by an aggrieved

26  party may be awarded for the purpose of redressing, preventing, or deterring discrimination and

27  harassment.

28

COMPLAINT FOR DAMAGES

## NINTH CAUSE OF ACTION

## BY PLAINTIFF

## FOR WRONGFUL TERMINATION

## IN VIOLATION OF THE PUBLIC POLICY OF THE STATE OF CALIFORNIA

## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

116. Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

117. At all times mentioned in this Complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from discriminating or retaliating against any employee on the basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition, and medical leave.

118. At all times mentioned in this Complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition, and medical leave.

119. At all times mentioned in this Complaint, the CFRA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating or retaliating against any employee on the basis of the use of CFRA leave.

120. At all times mentioned in this Complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of use of CFRA leave.

121. Plaintiff believes and based thereon alleges that her disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical leave, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

122. Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of disabilities and/or perceived disabilities, engagement in protected activities, medical condition, medical leave, and/or some combination thereof, were a proximate cause in Plaintiff's damages as stated below.

123. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating her employment in discrimination of her protected classes and in retaliation for her exercise of protected rights.

124. The damage allegations of the Paragraphs above, inclusive, are herein incorporated by reference.

125. The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## TENTH CAUSE OF ACTION

## BY PLAINTIFF

## DENIAL OF AND DISCRIMINATION BASED UPON THE USE OF SICK LEAVE (LABOR CODE §§ 233, 234, and 246.5)

## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

126. Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

127. Labor Code §233 states that "Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

-21-

COMPLAINT FOR DAMAGES

128.   Labor Code §246.5(a) states that upon oral or written request by an employee, an employer shall provide paid sick days for the "Diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member."

129.   Both Labor Code §233(c) and §246.5(c)(1) state that an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using or attempting to use sick leave to attend to an illness, or for opposing any policy or practice or act that is prohibited by this article.

130.   Labor Code §234 states that "An employer absence control policy that counts sick leave taken pursuant to Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of Section 233. An employee working under this policy is entitled to appropriate legal and equitable relief pursuant to Section 233."

131.   This is further emphasized by the fact that Labor Code §246.5(c)(2) creates a "… rebuttable presumption of unlawful retaliation if an employer denies an employee the right to use accrued sick days, discharges, threatens to discharge, demotes, suspends, or in any manner discriminates against an employee within 30 days of … [o]pposition by the employee to a policy, practice, or act that is prohibited by this article."

132.   Labor Code §233(d) states that "Any employee aggrieved by a violation of this section shall be entitled to reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief." Labor Code §233(e) then explicitly creates a private right of action for an employee to seek these remedies, and permits the Court to Plaintiff reasonable attorney's fees if Plaintiff prevails.

133.   Plaintiff attempted to use accrued sick leave to seek treatment for a medical condition. In response, Defendants ultimately terminated Plaintiff. Indeed, Defendants counted Plaintiff's sick leave as absences which subjected her to discipline, discharge, and suspension.

134.   As a result of Defendants' failure and refusal to comply with Labor Code §§233, 234, and 246.5, Plaintiff is entitled to recover from Defendants actual damages, including emotional distress damages, equitable relief, attorney's fees, and costs.

-22-

**ELEVENTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR RETALIATION**

**LABOR CODE §98.6**

**AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE**

135.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

136.    At all times hereto, Labor Code §98.6 was in full force and effect, and was binding upon Defendants. These laws prohibit an employer from discharging an employee or in any manner discriminating, retaliating, or taking any adverse action against any employee because, among other things, the employee made a written or oral complaint that she or she is owed unpaid wages, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her.

137.    On or about December 19, 2018, Plaintiff made a complaint to Defendants about their labor code violations.

138.    Defendants discriminated and retaliated against Plaintiff by constructively terminating her employment, because of her complaint and because she exercised her rights under the Labor Code.

139.    Said conduct violates Labor Code §98.6, and such violations were a proximate cause in Plaintiff's damage as stated below.

140.    The damage allegations above, inclusive, are herein incorporated by reference.

141.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff' rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

-23-
COMPLAINT FOR DAMAGES

142.    In addition to all other remedies available to Plaintiff, Plaintiff is entitled to a civil penalty of $10,000.00 pursuant to Labor Code §98.6(b)(3), for Defendant's violation of Labor Code §98.6.

143.    Pursuant to Labor Code §1194, Plaintiff requests a reasonable award of attorneys' fees and costs.

## TWELFTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR RETALIATION FOR DISCLOSING VIOLATIONS OF LAW
## LABOR CODE §§1102.5, 1102.6
## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

144.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

145.    At all times hereto, Labor Code §1102.5 was in full force and effect, and was binding upon Defendants. These laws prohibit an employer, or any person acting on behalf of the employer, from adopting, or enforcing any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, or from providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

146.    Further, Labor Code §1102.5 also prohibits an employer, or any person acting on behalf of the employer, from retaliating against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing

-24-

information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

147.    On or about December 19, 2018, Plaintiff made a complaint to Defendants about their labor code violations, resulting in her constructive termination which is in breach of Labor Code §1182.12.

148.    Defendants subjected Plaintiff to adverse employment actions in retaliation for the aforementioned, including constructive termination.

149.    The damage allegations above, inclusive, are herein incorporated by reference.

150.    The foregoing conduct of Defendants individually, or by and through their managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's right to be free from interference by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

151.    In addition to all other remedies available, Plaintiff is entitled to a civil penalty of $10,000.00 pursuant to Labor Code §1102.5(f), for each of Defendant's violation of Labor Code §1102.5.

## THIRTEENTH CAUSE OF ACTION

### BY PLAINTIFF

### FOR DEFAMATION

### AGAINST DEFENDANTS AND DOES 1 THROUGH 20, INCLUSIVE

152.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

153.     On or about February 11, 2019, Defendants, by and through their agents DIDIER and DOES 1 through 20, published the following words of and concerning Plaintiff without believing them to be true:

a.     that Plaintiff was drunk while during working hours, as alleged in paragraph 29.

154.     On or about February 11, 2019, on information and belief, DIDIER made this false statement intentionally with no basis whatsoever for believing it was true, and in retaliation for Plaintiff's complaining about the unlawful harassment.

155.     The publications of these statements were motivated by hatred or ill will towards Plaintiff, because of Plaintiff's opposition to Defendants' violations of the Government Code, Labor Code, and Civil Code, among other things, and such statements were published to managerial and non-managerial employees, and those with no legitimate need to know in the workplace and others, and, on information and belief, were permanently recorded in Plaintiff's personnel records.

156.     Such statements were patently false, and known to be false at the time they were made. Defendants had no reasonable basis for believing the defamatory statements to be true. With actual knowledge of their falsity, Defendants published the foregoing defamatory statements nonetheless, evidencing that such statements were made with actual malice.  To the extent that any defamatory statements were or could have been protected by a qualified privilege, Defendants' actual malice and over-publication destroyed any such qualified privilege the statements may have otherwise enjoyed.

157.     Plaintiff, at all times relevant hereto, was not drunk during working hours, consistently performed her duties competently and properly and never performed unsatisfactorily, as long as Plaintiff was employed with Defendants.

158.     The statements of paragraphs 29 above were made with malice, express and implied, by management-level employees, agents, and/or officers of Defendants, with the designed intent to injure Plaintiff and her good name. By maintaining those individuals defaming Plaintiff in its employ, in conscious disregard of the rights of Plaintiff, BROOKDALE allowed Defendants to make the statements that constitute defamation of Plaintiff.

COMPLAINT FOR DAMAGES

159.    The statements are libelous *per se* pursuant to Civil Code §§46 (3), and (5), in that the statements (3) tend to injure Plaintiff in her trade or business; and (5) by natural consequence cause actual damage to Plaintiff.

160.    Plaintiff is informed and believes, and based thereupon alleges, that the statements were published to non-managerial employees of Defendants, and other persons who reside in and around Los Angeles County, California, including employees and managers of BROOKDALE, whose identities are not yet known to Plaintiff, but are known to Defendants, and whose identities shall be ascertained during discovery in this action, as well as the exact contents of the defamatory statements.

161.    As a proximate result of the above-described publications, Plaintiff has suffered loss of reputation, shame, mortification, and hurt feelings, all to her general damage in a sum to be proven at time of trial.

162.    Defendants' publication of false statements regarding Plaintiff was malicious and a further example of retaliation against Plaintiff for opposing Defendants' violations of the Government Code, and Labor Code, among other things, and was made in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to an award of punitive damages against all Defendants and each of them.

163.    The damage allegations of Paragraphs above, inclusive, are herein incorporated by reference.

## FOURTEENTH CAUSE OF ACTION
## BY PLAINTIFF
## FOR FAILURE TO PAY WAGES DUE
## LABOR CODE §§201, 1182.12, 1194, 1194.2
## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

164.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

165.    At all relevant times, Defendants failed and refused to pay Plaintiff wages earned and required by 8 Code of Regulations §11060, as set forth hereinabove. As alleged herein, Plaintiff was not

1  paid an additional hour compensation at her regularly hourly rate for each day on which she was not
2  provided a statutory meal and rest break.

3      166.    As alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8
4  Code of Regulations §11050, and Industrial Welfare Commission Order No. 5-2001.

5      167.    Plaintiff has been deprived of her rightfully earned compensation as a direct and
6  proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to
7  recover such amounts, plus interest thereon, attorneys' fees and costs.

8

9                          **FIFTEENTH CAUSE OF ACTION**
10                                **BY PLAINTIFF**
11          **FOR FAILURE TO PROVIDE MEAL AND REST PERIODS**
12                        **LABOR CODE §§226.7, 512**
13        **AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE**

14      168.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as
15  though fully set forth herein.

16      169.    Labor Code §512 requires employers to provide every employee with an uninterrupted
17  meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

18      170.    Labor Code §226.7 requires an employer to provide every employee with an
19  uninterrupted rest period of not less than 10 minutes, for every period worked in excess of four hours.

20      171.    Plaintiff regularly worked in excess of five hours per day, and was thereby entitled to
21  take uninterrupted 30-minute meal periods and 10-minute rest periods on each day of work.

22      172.    At all relevant times, Defendants failed and refused to provide Plaintiff with meal and
23  rest periods during her work shifts, and failed to compensate Plaintiff for missed meal and rest periods,
24  as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11050 and
25  Industrial Welfare Commission Order No. 5-2001.

26      173.    As alleged herein, Plaintiff is not exempt from the meal and rest breaks requirements of 8
27  Code of Regulations §11050 and Industrial Welfare Commission Order No. 5-2001. Consequently,

28

COMPLAINT FOR DAMAGES

1  Plaintiff is owed one hour of pay at her regular hourly rate, or the requisite minimum wage, whichever is
2  greater, for each day that she was denied such meal and rest periods.

3      174.    Plaintiff has been deprived of her rightfully earned compensation for meal and rest breaks
4  as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

5      175.    From on or about April 9, 2016 through on or about March 11, 2017, Defendants failed to
6  provide Plaintiff with the statutory meal period for those days on which she worked at least five hours
7  on 288 separate days. Consequently, Plaintiff is owed one hour of pay at her normal hourly rate of
8  $16.32 for each day that she was denied such a meal period pursuant to Labor Code §226.7, or
9  $4,700.16, plus interest therein.

10      176.    From on or about April 9, 2016 through on or about March 11, 2017, Plaintiff worked
11  approximately 288 separate days without being permitted to take any 10 minute rest breaks. Therefore,
12  as a direct and proximate result of Defendant's violation of Labor Code §226.7, Defendant owes
13  Plaintiff $16.32 for each of the 288 days on which rest periods were missed, totaling $4,700.16, plus
14  interest therein.

15      177.    From on or about March 12, 2017 through on or about March 10, 2018, Defendants failed
16  to provide Plaintiff with the statutory meal period for those days on which she worked at least five hours
17  on 312 separate days. Consequently, Plaintiff is owed one hour of pay at her normal hourly rate of
18  $16.65 for each day that she was denied such a meal period pursuant to Labor Code §226.7, or
19  $5,194.00, plus interest therein.

20      178.    From on or about March 12, 2017 through on or about March 10, 2018, Plaintiff worked
21  approximately 312 separate days without being permitted to take any 10 minute rest breaks. Therefore,
22  as a direct and proximate result of Defendant's violation of Labor Code §226.7, Defendant owes
23  Plaintiff $16.65 for each of the 312 days on which rest periods were missed, totaling $5,194.00, plus
24  interest therein.

25      179.    From on or about March 11, 2018 through on or about February 11, 2019, Defendants
26  failed to provide Plaintiff with the statutory meal period for those days on which she worked at least five
27  hours on 288 separate days. Consequently, Plaintiff is owed one hour of pay at her normal hourly rate of
28

1    $16.98 for each day that she was denied such a meal period pursuant to Labor Code §226.7, or

2    $4,890.24, plus interest therein.

3         180.    From on or about March 11, 2018 through on or about February 11, 2019, Plaintiff

4    worked approximately 288 separate days without being permitted to take any 10 minute rest breaks.

5    Therefore, as a direct and proximate result of Defendant's violation of Labor Code §226.7, Defendant

6    owes Plaintiff $16.98 for each of the 288 days on which rest periods were missed, totaling $4,890.24,

7    plus interest therein.

8         181.    Plaintiff is entitled to recover such amounts in the combined amount of $29,570.40,

9    pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

10

11    ## SIXTEENTH CAUSE OF ACTION

12    ## BY PLAINTIFF

13    ## FOR FAILURE TO FURNISH WAGE AND HOUR STATEMENTS

14    ## LABOR CODE §§226 ET SEQ.

15    ## AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

16         182.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as

17    though fully set forth herein.

18         183.    Pursuant to Labor Code §§226 and 1174, employers have a duty to provide their non-

19    exempt employees with itemized statements showing total hours worked, hourly wages, gross wages,

20    total deductions and net wages earned. An employer who violates these code sections is liable to its

21    employees for the greater of actual damages suffered by the employee, or $50 in civil penalties for the

22    initial pay period in which a violation occurred, and $100 per employee for each subsequent pay period,

23    up to a statutory maximum of $4,000.00. Pursuant to Labor Code §226(e)(2), an employee is deemed to

24    suffer injury for purposes of this subdivision if the employer fails to provide a wage statement at all.

25         184.    In addition thereto, pursuant to Labor Code §226.3, an employer who willfully violates

26    Labor Code §226 is subject to a $250 civil penalty for the initial pay period in which a violation

27    occurred, and $1,000 per employee for each subsequent pay period, with no maximum.

28

-30-

COMPLAINT FOR DAMAGES

185.    At all relevant times, Defendants failed to provide the Plaintiff with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing Plaintiff, and all applicable hours and rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by Plaintiff. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §226.

186.    This failure has injured Plaintiff, by misrepresenting and depriving her of hour, wage, and earnings information to which she is entitled, causing her difficulty and expense in attempting to reconstruct time and pay records, causing her not to be paid wages she is entitled to, causing her to be unable to rely on earnings statements in dealings with third parties, eviscerating her right under Labor Code §226(b) to review itemized wage statement information by inspecting the employer's underlying records, and deceiving her regarding their entitlement to meal period and rest period wages.

187.    From on or about April 9, 2016 through on or about February 11, 2019, Plaintiff was paid bi-weekly, and therefore Defendants violated Labor Code §226 approximately 74 times during this time period. Consequently, Defendants are liable to Plaintiff for $4,000.00, the statutory maximum, in damages for her injuries.

188.    In addition thereto, Plaintiff is entitled civil penalties pursuant to Labor Code §226.3 in the amount of $73,250.00 ($250 + $1,000 x 73 subsequent pay periods).

189.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to Labor Code §226, civil penalties pursuant to Labor Code §226.3, and other applicable provisions, as well as attorneys' fees and costs.

## SEVENTEENTH CAUSE OF ACTION

### BY PLAINTIFF

### FOR WAITING TIME PENALTIES

### LABOR CODE §§201-203

### AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

190.    Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

191.     At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within seventy-two hours of resignation, as required. These wages refer to, at a minimum, unpaid meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of her employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

192.     As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

193.     As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of her meal and rest periods as previously pleaded herein, and more than $4,165.20 in wait time penalties, calculated based on 30 days of Plaintiff's normal hourly rate of $16.98 per hour, including overtime (i.e., $138.84 per day for 30 days).

194.     Based on Defendants' conduct as alleged herein, Defendants are liable for $4,165.20 in statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

**EIGHTEENTH CAUSE OF ACTION**

**BY PLAINTIFF**

**FOR PRIVATE ATTORNEY GENERAL ACT**

**LABOR CODE §2699**

**AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE**

195.     Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

196.     Under Labor Code §2699, Plaintiff, as an aggrieved employee, may bring an action against Defendants, on behalf of herself and other current or former employees, seeking statutory civil penalties for Defendants' violations of the California Labor Code.

197.     Plaintiff was an aggrieved employee within the meaning of Labor Code §2699(a), as Defendants committed multiple California Labor Code violations against her, as previously pleaded in this Complaint.

COMPLAINT FOR DAMAGES

198.   On February 4, 2020, more than 65 calendar days before filing this Complaint, Plaintiff gave written notice by online filing with the Labor and Workforce Development Agency and provided notice via certified mail to Defendants of the specific provisions of the California Labor Code that Defendants violated, thereby satisfying the requirements of Labor Code §2699.3.

199.   As of the filing of this complaint, Plaintiff has not received any response from the Labor and Workforce Development Agency on its intent to pursue an action against Defendants. Consequently, Plaintiff may now commence a civil action, pursuant to Labor Code §2699.3.

200.   As a direct and proximate result of Defendants' California Labor Code violations as set forth in this Complaint, Plaintiffs are entitled to civil penalties of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation, pursuant to Labor Code §2699(f), for those Labor Code sections not expressly providing for a penalty, and civil penalties provided by the specific Labor Code sections that do expressly provide for a penalty.

201.   Plaintiff is also entitled to reasonable attorney's fees and costs, and 25% of the recovered civil penalties, pursuant to Labor Code §§2699(g)(1)-(i).

## NINETEENTH CAUSE OF ACTION

### BY PLAINTIFF

### FOR UNFAIR COMPETITION

### BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.

### AGAINST BROOKDALE AND DOES 1 THROUGH 20, INCLUSIVE

202.   Plaintiff incorporate, by reference, all the foregoing paragraphs of this Complaint as though fully set forth herein.

203.   Defendants' violations of 8 Code of Regulations §11050, Industrial Welfare Commission Order No. 5-2001, Labor Code §§201, 203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, and other applicable provisions, as alleged herein, including Defendants' failure to provide meal and rest break, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to

-33-

1 maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in

2 violation of Business & Professions Code §§17200, et seq.

3     204.   As a result of Defendants' unfair business practices, Defendants have reaped unfair

4 benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be

5 made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

6     205.   Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent

7 injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and

8 restore to the Plaintiff the other monies and benefits unlawfully withheld from her.

9

10 **PRAYER FOR RELIEF**

11     **WHEREFORE**, Plaintiff seeks judgment against BROOKDALE and DOES 1 through 20, each

12 of them, in an amount according to proof, as follows:

13     1.   For a money judgment representing compensatory damages including lost wages,

14 earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money,

15 together with interest on these amounts; for other special damages; and for general damages for mental

16 pain and anguish and emotional distress;

17     2.   For a civil penalty pursuant to Labor Code §1102.5(f), for no less than of $10,000.00;

18     3.   For a civil penalty pursuant to Labor Code §98.6(b)(3) of $10,000.00;

19     4.   For payment of meal and rest period compensation pursuant to Labor Code §226.7, in

20 the amount of no less than $29,570.40;

21     5.   For damages pursuant to Labor Code §226 in the amount of no less than $4,000.00;

22     6.   For statutory penalties or damages pursuant to Labor Code §226.3 in the amount of no

23 less than $73,250.00;

24     7.   For waiting time penalties pursuant to Labor Code §§201-203 in the amount of no less

25 than $4,165.20;

26     8.   For statutory penalties pursuant to Labor Code §2699(f), in the amount to be

27 determined at the time of trial;

28

1    9.     For prejudgment interest on each of the foregoing at the legal rate from the date the

2    obligation became due through the date of judgment in this matter;

3    10.    For a declaratory judgment reaffirming Plaintiff's equal standing under the law and

4    condemning Defendants' discriminatory practices;

5    11.    For injunctive relief barring Defendants' discriminatory employment policies and

6    practices in the future;

7    12.    For punitive damages, pursuant to Civil Code §3294 in an amount sufficient to punish

8    Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

9    13.    For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, the Labor

10   Code, the Civil Code, and/or any other basis;

11   14.    For post-judgment interest; and

12   15.    For any other relief that is just and proper.

13   **WHEREFORE**, Plaintiff seeks judgment against DIDIER and DOES 1 through 20, each of

14   them, as follows:

15   1.     For a money judgment representing general damages for mental pain and anguish and

16   emotional distress;

17   2.     For punitive damages, pursuant to Civil Code §3294 in  amounts sufficient to punish

18   Defendants for the wrongful conduct alleged herein and to deter such conduct in the future; and

19   3.     For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or

20   any other basis.

21   DATED: April 9, 2020                                **EMPLOYEE JUSTICE LEGAL GROUP**

22

23                                               By: _____

24                                                    Kaveh S. Elihu, Esq.
                                                      Attorneys for Plaintiff

25                                      **DEMAND FOR JURY TRIAL**

26   Plaintiff demands a trial by jury on all claims as provided by California law.

27

28

-35-

COMPLAINT FOR DAMAGES

1   DATED: April 9, 2020                     **EMPLOYEE JUSTICE LEGAL GROUP**

2

3                                           By:

4                                              Kaveh S.  Elihu, Esq.
                                               Attorneys for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

cronically FILED by Superior Court of California, County of Los Angeles on 04/09/2020 03:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:20-cv-04204-AB-PJW   Document 1-2   Filed 05/08/20   Page 40 of 65   Page ID #:60

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kaveh S. Elihu, Esq. (SBN 268249)<br>EMPLOYEE JUSTICE LEGAL GROUP<br>3055 Wilshire Boulevard, Suite 1100<br>Los Angeles, California 90010<br>  TELEPHONE NO.:(213) 382-2222    FAX NO.:(213) 382-2230<br>ATTORNEY FOR *(Name):* Margoth Siguenza | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles, California 90012
  BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Siguenza v. Brookdale Employee Services, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 20STCV13898 |
| | | | | JUDGE:<br>DEPT: |

Items 1-5 below must be completed (see *instructions* on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial post judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. [X] monetary   b. [X] non monetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action *(specify):*   Nineteen (19)

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 9, 2020
Kaveh S. Elihu, Esq.
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400 - 3.403;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**
If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**
In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice-Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach-Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quite Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgement (Out of County)
    Confession of Judgement (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief for Late Claim
    Other Civil Petition

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Siguenza v. Brookdale Employee Services, LLC, et al. | |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Siguenza v. Brookdale Employee Services, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE:<br>Siguenza v. Brookdale Employee Services, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE:<br>Siguenza v. Brookdale Employee Services, LLC, et al. | CASE NUMBER |
| --- | --- |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1. ✓ 2.   3.   4.   5.   6.   7.   8.   9.   10.   11. | ADDRESS:<br>3055 Wilshire Boulevard |
| --- | --- |
| CITY:<br>Los Angeles   STATE: CA   ZIP CODE: 90010 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __April 9, 2020__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**04/09/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV13898 |
|---|---|

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Robert S. Draper | 78 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 04/09/2020
(Date)

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                        )
                                 )
                                 )
                                 )
_____)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

1    e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a

2        person or entity that receives an electronic filing from a party for retransmission to the Court.

3        In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4        agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of

6        Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7        (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8        2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9        process attached to or logically associated with an electronic record and executed or adopted

10       by a person with the intent to sign the electronic record.

11    g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place

12        in a hypertext or hypermedia document to another in the same or different document.

13    h) **"Portable Document Format"**   A digital document format that preserves all fonts,

14        formatting, colors and graphics of the original source document, regardless of the application

15        platform used.

16  2) MANDATORY ELECTRONIC FILING

17    a) Trial Court Records

18        Pursuant to Government Code section 68150, trial court records may be created, maintained,

19        and preserved in electronic format.  Any document that the Court receives electronically must

20        be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21        official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22    b) Represented Litigants

23        Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24        electronically file documents with the Court through an approved EFSP.

25    c) Public Notice

26        The Court has issued a Public Notice with effective dates the Court required parties to

27        electronically file documents through one or more approved EFSPs.  Public Notices containing

28        effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

1    d) Documents in Related Cases

2       Documents in related cases must be electronically filed in the eFiling portal for that case type if

3       electronic filing has been implemented in that case type, regardless of whether the case has

4       been related to a Civil case.

5    3) EXEMPT LITIGANTS

6       a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7          from mandatory electronic filing requirements.

8       b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9          Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10         from filing documents electronically and be permitted to file documents by conventional

11         means if the party shows undue hardship or significant prejudice.

12   4) EXEMPT FILINGS

13      a) The following documents shall not be filed electronically:

14         i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15              Civil Procedure sections 170.6 or 170.3;

16         ii)  Bonds/Undertaking documents;

17         iii) Trial and Evidentiary Hearing Exhibits

18         iv)  Any ex parte application that is filed concurrently with a new complaint including those

19              that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20         v)   Documents submitted conditionally under seal. The actual motion or application shall be

21              electronically filed. A courtesy copy of the electronically filed motion or application to

22              submit documents conditionally under seal must be provided with the documents

23              submitted conditionally under seal.

24      b) Lodgments

25         Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26   paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27   //

28   //

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i)    Depositions;

      ii)   Declarations;

      iii)  Exhibits (including exhibits to declarations);

      iv)   Transcripts (including excerpts within transcripts);

      v)    Points and Authorities;

      vi)   Citations; and

      vii)  Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

      Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

   g) Multiple Documents

      Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

1       b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2            day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

3            application must be provided to the court the day of the ex parte hearing.

4   9) PRINTED COURTESY COPIES

5       a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6            be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If

7            the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8            by 10:00 a.m. the next business day.

9       b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10           electronic submission) is required for the following documents:

11          i) Any printed document required pursuant to a Standing or General Order;

12          ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26

13              pages or more;

14          iii) Pleadings and motions that include points and authorities;

15          iv) Demurrers;

16          v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17          vi) Motions for Summary Judgment/Adjudication; and

18          vii) Motions to Compel Further Discovery.

19       c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20            additional documents. Courtroom specific courtesy copy guidelines can be found at

21            www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23       a) Fees and costs associated with electronic filing must be waived for any litigant who has

24            received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25            1010.6(d)(2).)

26       b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27            section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be

28            electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1  11) SIGNATURES ON ELECTRONIC FILING

2    For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019

11                                              KEVIN C. BRAZILE
                                                Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

STIPULATION – DISCOVERY RESOLUTION

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk of file Stamp |
|---|---|---|

TELEPHONE NO.:     FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as


| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ›   _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)

Date:

_____          ›   _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ›   _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ›   _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)

Date:

_____          ›   _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date:

_____          ›   _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

Date:

_____          ›   _____
(TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| --- | --- | --- |
| TELEPHONE NO.:         FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
| --- | --- |
| PLAINTIFF: | |
| DEFENDANT: | |

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
| --- | --- |

1. This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

---

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

The following parties stipulate:

Date:
_____
    (TYPE OR PRINT NAME)

Date:
_____
    (TYPE OR PRINT NAME)

Date:
_____
    (TYPE OR PRINT NAME)

Date:
_____
    (TYPE OR PRINT NAME)

Date:
_____
    (TYPE OR PRINT NAME)

Date:
_____
    (TYPE OR PRINT NAME)

Date:
_____
    (TYPE OR PRINT NAME)

> _____
>     (ATTORNEY FOR PLAINTIFF)

> _____
>     (ATTORNEY FOR DEFENDANT)

> _____
>     (ATTORNEY FOR DEFENDANT)

> _____
>     (ATTORNEY FOR DEFENDANT)

> (ATTORNEY FOR _____)

> (ATTORNEY FOR _____)

> (ATTORNEY FOR _____)

THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER.

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.  **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b.  **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c.  **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3.  **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2